1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                          **EASTERN DISTRICT OF CALIFORNIA**

8

9  JESSIE M. LEWIS,                          CASE NO. 1:14-CV-1654-SMS

10                Plaintiff,

11                                           ORDER AFFIRMING AGENCY'S
       v.                                    DENIAL OF BENEFITS AND ORDERING
                                             JUDGMENT FOR COMMISSIONER
12 CAROLYN W. COLVIN, Acting
   Commissioner of Social Security,

13                Defendant.                 (Doc. 14)

14

15

16        Plaintiff Jessie M. Lewis, by her attorneys, Law Offices of Lawrence L. Rohlfing, seeks

17 judicial review of a final decision of the Commissioner of Social Security ("Commissioner")

18 denying her application for disability insurance benefits and supplemental security income

19 pursuant to Titles II and XVI of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act"). The

20 matter is currently before the Court on the parties' cross-briefs, which were submitted, without

21 oral argument, to the Honorable Sandra M. Snyder, United States Magistrate Judge.  Following a

22 review of the complete record and applicable law, this Court finds the decision of the

23 Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a

24 whole and based on proper legal standards.

25    **I.**     <u>**Background**</u>

26        A.  <u>Procedural History</u>

27        In September 2007, Plaintiff applied for disability insurance benefits.  Plaintiff alleged an

28 onset of disability date of April 1, 2006. The Commissioner initially denied the claims on January

16, 2008, and upon reconsideration again denied the claims on March 27, 2008.  On May 1, 2008, Plaintiff filed a timely request for a hearing.

On June 9, 2009, and represented by counsel, Plaintiff appeared and testified at a hearing presided over by William C. Thompson, Jr., Administrative Law Judge ("the ALJ").  See 20 C.F.R. 404.929 et seq.  An impartial vocational expert, Susan Creighton-Clavel also appeared and testified.  On November 4, 2009, the ALJ denied Plaintiff's application.  The Appeals Council denied review on January 13, 2010.  The ALJ's decision thus became the Commissioner's final decision.  See 42 U.S.C. § 405(h).  Plaintiff filed a complaint seeking this Court's review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties stipulated to a remand for further proceedings.

The Appeals Council remanded the matter for further proceedings on February 22, 2011 in order to remove an erroneously included exhibit. On October 5, 2011, Plaintiff appeared with counsel for a second oral hearing. An impartial vocational expert, George Meyers ("the VE"), also appeared and testified.   On January 18, 2012, the ALJ denied Plaintiff's application. The Appeals Council declined to assume jurisdiction on August 23, 2013, thus making the ALJ's decision the Commissioner's final decision. On October 22, 2014, Plaintiff filed the complaint in this action.

B.  Relevant Record

The only issue on appeal is whether the ALJ committed legal error when he failed to explain a deviation from the Dictionary of Occupational Titles at step five of the sequential analysis. Plaintiff's physical and mental impairments and RFC are not on appeal. Hence, the record will not be summarized here.

C.  Vocational Expert Testimony

At the October 2011 administrative hearing, the VE classified Plaintiff's past work as mail clerk (DOT # 209.687-026, light, SVP 2), file clerk (DOT # 206.387-034, light, SVP 3), and administrative clerk (DOT # 237.367-010, light, SVP 4). The ALJ asked the VE to assume a hypothetical person of the same age, education, and work history as Plaintiff, and could only occasionally lift twenty pounds; frequently lift ten pounds; stand and walk in combination for six hours in a work day; sit at least six hours in a work day; occasionally stop and crouch; never climb ropes, ladders, or scaffolding; and never work at heights or around hazardous machinery. The

hypothetical person would be further limited to work involving only simple instructions. The VE opined that this individual could perform Plaintiff's past work as a mail clerk. The VE further opined that this individual could work as cashier (DOT # 211.462-010, light, SVP 2), office help (DOT # 239.567-010, light, SVP 2), and storage rental clerk (DOT # 295.367-026, light, SVP 2). The VE testified that these jobs existed in significant numbers in the state of California.

The ALJ asked the VE regarding a second hypothetical person who could sit a total of two hours, and stand and walk a total of two hours. The VE testified that there were no jobs that this individual could perform.

Plaintiff's counsel asked the VE regarding the mail clerk position. The VE testified that the mail clerk distributes mail based on addresses or departments. Plaintiff's counsel directed the VE to assume that "simple work" for purposes of the limitations includes one and two-step instruction and includes detailed but uninvolved instructions, but excludes things that are more involved. The VE opined that Plaintiff's counsel's description was that of unskilled work at SVP one and two. When directed to exclude jobs of Level 3 Reasoning, but allowed detailed but uninvolved instructions and simple one and two-step instructions, the VE opined that cashier, storage rental clerk, and mail clerk would be affected. The office clerk position required Level 2 Reasoning and would not be affected.

Plaintiff's counsel asked the VE to assume a hypothetical individual who was markedly limited in interacting with the public, supervisors, coworkers, or responding appropriately to work situations and changes in a work setting. The VE testified that this individual would not be able to sustain work.

D.  Disability Determination

After considering the evidence, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. He found that Plaintiff had the following severe impairments –degenerative disc disease of the lumbosacral spine, obesity, mood disorder, and pain disorder– which significantly limited her ability to perform basic work activities. The ALJ found that Plaintiff did not have an impairment that met or medically equaled the severity of a listed impairment. He found that Plaintiff had the RFC to perform light work as defined in 20

3

C.F.R. 404. 1567(b) and 416.967(b), but could only occasionally lift or carry twenty pounds; frequently lift or carry ten pounds; stand and walk for six hours in combination; sit up to six hours; should not be required to climb ladders, ropes, or scaffolds, could not work at heights or around hazardous machinery, and was limited to work involving simple instructions. The ALJ concluded that Plaintiff was not capable of performing his past relevant work as a mail clerk, file clerk, and administrative clerk, but there were jobs existing in significant numbers in the national economy that Plaintiff could perform. Hence, he determined that Plaintiff was "not disabled."

## II.    **Legal Standard**

### A.  The Five-Step Sequential Analysis

An individual is considered disabled for purposes of disability benefits if she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003).  The impairment(s) must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f).  In the five-step sequential review process, the burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps.  *Id.* at 1098–99; 20 C.F.R. §§ 404.1520, 416.920.

In the first step of the analysis, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If not, in the

second step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities.  *Id.* §§ 404.1520(c), 416.920(c).  If so, in the third step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments, 20 C.F.R. 404, Subpart P, App. 1.  *Id.* §§ 404.1520(d), 416.920(d).  If not, in the fourth step, the ALJ must determine whether the claimant has sufficient RFC, despite the impairment or various limitations to perform his past work.  *Id.* §§ 404.1520(f), 416.920(f).  If not, in step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy.  *Id.* §§ 404.1520(g), 416.920(g).

B.  Standard of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  If an ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence, this Court must uphold the ALJ's determination that the claimant is not disabled.  *See, e.g., Ukolov v. Barnhart*, 420 F.3d 1002, 104 (9th Cir. 2005); *see also* 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1998 (9th Cir. 2008).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Where the evidence as a whole can support either outcome, the Court may not substitute its judgment for the ALJ's, rather, the ALJ's conclusion must be upheld. *Id.*

**III.   Discussion**

Plaintiff argues the descriptions for cashier and storage rental clerk in the Dictionary of Occupational Titles ("DOT") requires her to perform at a higher reasoning level, Level 3, than is

5

permitted by her RFC which restricts her to simple, repetitive tasks.[1] She argues that the ALJ erred in failing to resolve the deviation from the DOT. She further argues that the office helper, at Level 2 Reasoning, requires her to perform at a higher reasoning level than is permitted by her RFC.

A.   Applicable Law

"The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p. "The term 'occupation,' as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs." *Id.* "Information about a particular job's requirements […] may be available […] from a VE's or VS's experience in job placement or career counseling." *Id.* A VE may be able to provide more specific information about jobs or occupations than the DOT. *Id.*

An ALJ cannot rely on the VE's testimony without inquiring whether it conflicts with the DOT and obtaining a reasonable explanation for any apparent conflict. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). "An example of a conflict between the DOT and a VE's testimony is when the DOT's description of a job includes activities a claimant is precluded from doing, and the VE nonetheless testifies that the claimant would be able to perform that job." *Tovar v. Colvin*, 2015 U.S. Dist. LEXIS 3997, *9-10 (C.D. Cal. Jan. 12, 2015)(*citing Tommasetti v. Astrue*, 533 F.3d 1035, 1042-43 (9th Cir. 2008)). If the ALJ relies on a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). "[I]n order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

The Ninth Circuit found that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). This conflict invokes the ALJ's duty to resolve the

---

[1] The ALJ limited Plaintiff to work involving simple instructions. Plaintiff argues that this limitation is equal to a similar limitation to simple, repetitive tasks. The Court treats these similar limitations interchangeably in this order because the outcome in this case would be the same under either specification.

deviation. The *Zavalin* appeal was reversed because the ALJ in that case had failed to recognize the inconsistency and did not ask the expert to explain why a person with Zavalin's limitation could nevertheless meet the demands of Level 3 Reasoning. *Id*. While Level 3 Reasoning seems inconsistent with an RFC limited to simple and routine work tasks, Level 2 Reasoning appears more consistent. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).

B. <u>Analysis</u>

Here, the ALJ found that Plaintiff was limited to work involving simple instructions. Thus, there was an apparent conflict between Plaintiff's capacity and the cashier and storage rental clerk positions, which require Level 3 Reasoning. However, the VE also found that Plaintiff was capable of working as an office helper, which requires Level 2 Reasoning and exists in significant numbers in the national economy.

Plaintiff argues that office helper position is also in conflict with Plaintiff's capacity because it requires the ability to perform a variety of job duties, and, thus, it is not simple and repetitive. Plaintiff argues that the office helper position, with its Level 2 Reasoning designation, requires the ability to adapt to performing a variety of job duties and to seamlessly transition from different task to different task. Plaintiff cites to the Revised Handbook for Analyzing Jobs, which describes temperaments –or the "adaptability requirements made on the worker by specific types of jobs" to support this position. Plaintiff requests that this Court find that a facial conflict exists between a RFC to perform simple, repetitive tasks with occupations requiring the worker to perform a variety of duties. This request is far beyond the scope of *Zavalin*.

Level 2 Reasoning requires a person to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appx. C, III; *Zavalin*, 778 F. 3d at 847. The office helper title describes the functions as follows:

> Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments.

7

DOT # 239.567-010. This DOT description reveals that the office helper is required to perform work involving simple instructions and simple, repetitive tasks and that seem to comport with the requirements of Level 2 Reasoning. There is no apparent deviation from the DOT and there is no apparent conflict with Plaintiff's capacity.

Further, there is no conflict between Plaintiff's RFC and the ability to adapt to performing a variety of job duties. Plaintiff has been restricted to tasks involving simple instructions or simple, repetitive tasks. Nothing in her RFC suggests that she is unable to perform a variety of job duties or that she is unable to transition between different tasks. Using the office helper position as an example, each task described may be considered simple and repetitive. Plaintiff's limitation to simple, repetitive tasks does not preclude her from performing a variety of such tasks.

Thus, the VE's testimony that Plaintiff could perform as an office helper did not deviate from the DOT and did not conflict with Plaintiff's RFC. The ALJ properly relied on this testimony in making his finding at step five. Therefore, the ALJ's step-five finding that there are jobs in the national economy that Plaintiff can perform is supported by substantial evidence in the record.

## IV.   Conclusion and Order

For the foregoing reasons, the Court finds that the ALJ applied appropriate legal standards and that substantial credible evidence supported the ALJ's determination that Plaintiff was not disabled.  Accordingly, the Court hereby DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of Court is DIRECTED to enter judgment in favor of the Commissioner and against Plaintiff.

IT IS SO ORDERED.

Dated:   **February 1, 2016**          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

8